# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**ILLINOIS FARMERS INSURANCE COMPANY** as subrogee of Joel and Samantha Herrmann,

    Plaintiff,

and, pursuant to Wis. Stat. § 803.03(2),

**JOEL AND SAMANTHA HERRMANN**,

    Involuntary-Plaintiffs,

vs.

**GREE USA, INC., and MJC AMERICA, LTD.**

    Defendants.

Case No.: 2:21-cv-00526

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW COMES Plaintiff, Illinois Farmers Insurance Company as subrogee of Joel and Samantha Herrmann, by and through its attorneys, and as an Involuntary-Plaintiff, Illinois Farmers Insurance Company's insureds, Joel and Samantha Herrmann, pursuant to Wis. Stat. 803.03(2), and for its Complaint against Defendants Gree USA, Inc. and MJC America, Ltd., alleges:

### PARTIES

1. Plaintiff, Illinois Farmers Insurance Company (hereinafter "Farmers"), is an insurance company incorporated in the State of Illinois with its principal place of business located at 3333 Warrenville Road, Suite 620, Lisle, Illinois, and at all times material hereto was duly authorized to issue policies of property insurance in the State of Wisconsin.

2. At all times relevant, Plaintiff's insureds, Involuntary-Plaintiffs, Joel and Samantha Herrmann, ("Herrmann") were residents and citizens of the State of Wisconsin with a residence at 8925 33rd Avenue, Kenosha, Wisconsin 53142 (the "Premises").

3. At all times relevant, Farmers insured Herrmann against loss and damage to Herrmann's property under a policy of insurance and hereby names Herrmann as a party joined to this action pursuant to Wis. Stat. § 803.03(2) arising from the circumstances set forth in this in this Complaint.

4. Defendant Gree USA, Inc. ("Gree") is, upon information and belief, a California corporation with a principal place of business at 4195 Chino Hills Parkway #1026, Chino Hills, California 91709. At all times relevant hereto, Gree was engaged in the business of designing, manufacturing, distributing, selling, and/or supplying home appliances, including dehumidifiers in and throughout the United States, including the State of Wisconsin.

5. Defendant, MJC America, Ltd. ("MJC") is a California corporation with a principal place of business located at 20035 East Walnut Drive North, City of Industry, California, 91789. At all times relevant hereto, MJC was engaged in the business of designing, manufacturing, distributing, selling, and/or supplying dehumidifiers in and throughout the United States, including Indiana.

**JURISDICTION AND VENUE**

6. Jurisdiction lies with this Court pursuant to 28 U.S.C. § 1332 because the parties are all citizens of different states and the amount in controversy exceeds $75,000.00.

7. The Eastern District of Wisconsin is the appropriate venue for this action pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claim occurred in the Kenosha County, Wisconsin, within the jurisdiction of this Court.

## COMMON ALLEGATIONS

8. Around 2014, Herrmann purchased and owned a "Soleus Air by Gree" dehumidifier designed, manufactured, marketed, distributed, and/or sold by Defendants Gree and MJC ("the Dehumidifier").

9. Defendants designed, manufactured, sold, and placed into the stream of commerce the Dehumidifier.

10. Herrmann used the Dehumidifier in a manner and for the purpose intended by Defendants: to among other things, reduce humidity levels in Herrmann residence.

11. At all times relevant, the Dehumidifier was in substantially the same condition as it was when Defendants placed it in the stream of commerce.

12. On or about September 12, 2013, the Consumer Product Safety Commission issued a recall of the Dehumidifier.

13. The Dehumidifier was recalled because the "dehumidifiers can overheat, smoke, and catch fire, posing fire and burn hazards to consumers." (*See Consumer Products Safety Commission Recall No. 13-283, issued September 12, 2013, attached as Exhibit A*).

14. On or about November 21, 2019, the Dehumidifier suddenly and catastrophically caught fire in the basement of the Premises (the "Fire").

15. The Fire caused fire, smoke, and water damage to Herrmann's real and personal property, as well as emergency expenses and additional living expenses.

16. Herrmann thereafter made a claim to Farmers pursuant to the Policy for its losses arising from the Fire.

17. Pursuant to its obligations under the Policy, Farmers reimbursed Hermann in an amount in excess of $250,000.00.

18. By virtue of its payments to Herrmann, Farmers is now legally, equitably, and contractually subrogated to Herrmann's claims against any responsible third parties, including claims against Defendants.

## COUNT I
## PRODUCT LIABILITY V. DEFENDANTS

19. Plaintiff incorporates the allegations made in paragraphs 1-18 as if set forth at length herein.

20. Defendants designed, manufactured, marketed, distributed, sold, and/or placed the Dehumidifier into the stream of commerce.

21. The Dehumidifier was defective at the time it left Defendants' control in one or more of the following ways:

    a. It was defective in design in that it was designed and assembled in a manner that allowed for runaway heating;

    b. It was defective in design in that the configuration of its conductors and internal electrical connections could lead to the generation of excess heat the temperatures of which were sufficient to ignite combustible materials;

    c. It was defective in design in that the plastics used incorporated into its manufacture were susceptible to ignition by heat produced by the operation of the Dehumidifier;

    d. It was defective in its manufacture in that the plastics used in its manufacture deviated from those Gree intended to use and were susceptible to ignition;

    e. It was defective because of inadequate instructions and inadequate warnings in that the risk of fire could have been reduced or avoided with appropriate and adequate warnings and instructions; and

    f. It was defective because of inadequate warnings in that no warnings were given to consumers relating to the possibility of fire with respect to its design and manufacture as stated in paragraphs (a) and (b) above.

22. The Dehumidifier, by virtue of the above defects, was in an unreasonably dangerous condition at the time it left the control of Defendants in that it could overheat, smoke and catch fire, posing fire and burn hazards to consumers and to property.

23. The Dehumidifier reached Herrmann without substantial change in the condition in which it was sold.

24. The above defective and unreasonably dangerous conditions directly and proximately caused the Fire and Plaintiff's damages.

WHEREFORE, Plaintiff Illinois Farmers Insurance Company as subrogee of Joel and Samantha Herrmann demands judgment in its favor and against Defendants Gree USA, Inc. and MJC America, Ltd. for monetary damages in the amount that is fair and reasonable to compensate for Plaintiff's losses and such other further relief as the Court deems just and proper.

## COUNT II
## NEGLIGENCE V. DEFENDANTS

25. Plaintiff incorporates the allegations made in paragraphs 1-18 as if set forth at length herein.

26. At all relevant times, Defendants owed Herrmann a duty to use reasonable care in the design, manufacturing, assembly, and sale of the Dehumidifier, such that it was safe and free of defects such that Herrmann's property was not at risk of fire.

27. Defendants breached the aforementioned duties in one or more of the following ways:

    a. Designing the Dehumidifier such that it was at risk of runaway heating and resulting fire;

    b. Designing the Dehumidifier such that its components were susceptible to overheating and fire;

    c. Designing the Dehumidifier such that it featured combustible and dangerous plastics;

5

LEGAL\51743413\1

Case 2:21-cv-00526-PP   Filed 04/26/21   Page 5 of 6   Document 1

d. Manufacturing the Dehumidifier such that it was made with combustible and dangerous plastics;

e. Failing to issue warnings that the Dehumidifier was susceptible to overheating and fire;

f. Failing to issue adequate warnings to consumers that the Dehumidifier was dangerous and that consumers should immediately discontinue its use;

g. Acted in an otherwise negligent manner with respect to the Dehumidifier's design, manufacture, and sale.

28. The above-alleged negligent conduct of Defendants directly and proximately caused the Fire and Plaintiff's damages for which Defendants are liable to Plaintiff.

WHEREFORE, Plaintiff Illinois Farmers Insurance Company as subrogee of Joel and Samantha Herrmann demands judgment in its favor and against Defendants Gree USA, Inc. and MJC America, Ltd. for monetary damages in the amount that is fair and reasonable to compensate for Plaintiff's losses and such other further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands the empaneling of a lawful jury to hear this case and has tendered the requisite fee.

April 26, 2021　　　　　　　　　　Illinois Farmers Insurance Company as subrogee of Joel and

　　　　　　　　　　　　　　　　　Samantha Herrmann
　　　　　　　　　　　　　　　　　By:　*/s/ Marisa L. Saber*
　　　　　　　　　　　　　　　　　　　　Marisa L. Saber
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

**MAILING ADDRESS**:
Marisa L. Saber
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
Phone: 312-382-3183
Fax: 312-706-9783
msaber@cozen.com